UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JESSE REIDY,

                         Petitioner,

     v.                                                 **DECISION AND ORDER**
                                                                          14-CV-1013S
UNITED STATES OF AMERICA,                  13-CR-72S

                        Respondent.

1.    Presently before this Court are three motions by *pro se* Petitioner Jesse Reidy: a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255, a Motion for Relief from judgment or Order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, and a Motion for Replacement of Documents that were lost when Petitioner was moved from one prison facility to another. For the reasons discussed below, this Court will reserve decision on the § 2255 motion until the record is expanded as ordered, will deny Petitioner's Rule 60(b) motion, and will reserve decision on the motion for replacement of documents.

2.    On August 1, 2013, Petitioner appeared before Magistrate Judge Foschio and pled guilty to a one-count indictment without a plea agreement. (Docket No. 19.)[1] Judge Foschio recommended acceptance of the guilty plea and, on September 4, 2013, this Court accepted that recommendation, adjudging Petitioner guilty of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Docket Nos. 20, 21.) On March 5, 2014, Petitioner appeared before this Court and was sentenced to a term of incarceration of 60 months and a term of

---

[1] All docket numbers refer to the underlying criminal docket, 13-CR-72S.

supervised release of 3 years. (Docket No. 35.)

3. During the plea proceedings before Judge Foschio, Petitioner's counsel stated that Petitioner had pled to the indictment, rather than entering into a plea agreement, because Petitioner wanted to preserve his ability to make certain arguments on appeal.[2] (Tr. of Plea Proceedings, Docket No. 46 at 12.) Although Petitioner filed no appeal following the entry of Judgment, a letter filed to the docket indicates that Petitioner contacted his attorney on September 26, 2014 requesting that a notice of appeal be filed. (Docket No. 41.) Under Rule 4 of the Federal Rules of Appellate Procedure, "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." Fed. R. App. P. 4(b)(1)(A). A judgment or order is entered under this rule when it is entered on the docket. Fed. R. App. P. 4(b)(6). The judgment was entered on the docket on March 17, 2014 (Docket No. 38), and the government took no appeal. Accordingly, Petitioner's timely direct appeal was due by March 31, 2014.

4. On December 2, 2014, approximately nine months after sentencing, Petitioner filed the instant motion pursuant to 28 U.S.C. § 2255. (Docket No. 42.) Six days later, on December 8, 2014, Petitioner filed a separate motion for relief from judgment under Rule 60(b). (Docket No. 43.) The Government has moved to dismiss Petitioner's § 2255 motion (see Docket No. 45), and Petitioner has moved to dismiss the Government's motion to dismiss (Docket No. 52). Petitioner also seeks

---

[2] Specifically, Petitioner's counsel stated that she wanted to preserve the right to dispute the base offense level, which Petitioner contended should be 20 rather than the Government's calculation of 24. (Tr. of Plea Proceedings, Docket No. 46 at 12.) This Court ultimately agreed with Petitioner's argument and found the base offense level to be 20 at his sentencing. (Tr. of Sentencing, Docket No. 47 at 7-8.)

replacement of legal documents that he lost when he moved from state custody to federal custody. (Docket No. 56.)

5.  Construing the *pro se* arguments of Petitioner's § 2255 motion liberally, as this Court must, Marmolejo v. United States, 196 F.3d 377, 378 (2d Cir. 1999) (per curiam), one of Petitioner's claims asserts prejudice because he was not adequately advised of his appeal rights, including the 14 day deadline for timely appeal of his sentence. Upon review, this Court has determined that neither the Magistrate who took Petitioner's plea, nor this Court, which imposed Petitioner's sentence, adequately advised Petitioner of his rights. Indeed, this Court failed to mention Petitioner's right to appeal during sentencing. Because the sentencing court failed to adequately advise Petitioner of his right to appeal, Petitioner "'need not specify what appellate claims [he] lost,' and collateral relief is justified unless the Government can show by clear and convincing evidence that the defendant took an appeal, waived his right to appeal, or had independent knowledge of his right to appeal." Garcia v. United States, 278 F.3d 134, 137 (2d Cir. 2002) (quoting Soto v. United States, 185 F.3d 48, 54-55 (2d Cir. 1999)). Petitioner did not waive his right to appeal and did not actually file an appeal.

6.  As it stands, the record is incomplete as to whether Petitioner had independent knowledge of his appeal rights. Petitioner has made certain assertions concerning his counsel's failure to properly advise him that might support an argument that he had no independent knowledge as to his appeal rights. For example, he has asserted that he did not believe he was admitting to "any actual participation in" the acts underlying his conviction by pleading guilty to the indictment rather than entering a plea agreement, and that he had "preserved [his] right to come back and attack the

sentencing at a later date, unlike an actual plea of guilty." (Docket No. 49, Pet.'s Reply at 1-2.) He has also stated that he was unaware of the 14 day deadline for filing a direct appeal. (Docket No. 55, Pet.'s Supp. Resp. at 1-2.) However, these are not sworn statements and are not supported by specific facts. Nor has evidence been submitted by Petitioner's plea counsel, Kimberly A. Schechter, who may have advised him of his rights. If clear and convincing evidence of Petitioner's independent knowledge cannot be provided, the sentence will be vacated and Petitioner will be re-sentenced with an opportunity to appeal. See Soto, 185 F.3d at 55.

7.   Although further inquiry is warranted, a district court has the discretion to determine whether a testimonial hearing is required, or if an expansion of the record will afford a sufficient basis for a determination of Petitioner's motion. Campusano v. United States, 442 F.3d 770, 776 (2d Cir. 2006); Pham v. United States, 317 F.3d 178, 184 (2d Cir. 2003); Chang v. United States, 250 F.3d 79, 85-86 (2d Cir. 2001). Accordingly, this Court will direct that both the Petitioner and the Government submit affidavits describing the factual circumstances related to whether Petitioner had independent knowledge of his appeal rights. In the event that the Government seeks an affidavit from Petitioner's plea counsel, this Court finds that Petitioner has implicitly waived his attorney-client privilege as to the issue of whether she informed him of his appeal rights. See United States v. Marks, 764 F. Supp. 2d 585, 586-87 (W.D.N.Y. 2011) (where a habeas petitioner alleges ineffective assistance of counsel, the petitioner "puts communications between himself and his attorney directly in issue, and thus by implication waives the attorney-client privilege with respect to those communications" (quoting United States v. Pinson, 584 F.3d 972, 977-78 (10th Cir. 2009)); see also In re Erie County, 546 F.3d

4

222, 228 (2d Cir. 2008) (court may find an implied waiver when the client "relies on the privileged communication as a claim or defense or as an element of a claim or defense"). The implied privilege waiver should extend, however, only "to confidential information that is needed to defend against the prisoner's specific claims." Giordano v. United States, No. 3:11CV9 MRK, 2011 WL 1831578, at *3 (D. Conn. Mar. 17, 2011). If a determination cannot be made after the record is thus expanded, an evidentiary hearing will then be scheduled. Pham, 317 F.3d at 184.

8. As to Petitioner's second pending motion, Rule 60(b) of the Federal Rules of Civil Procedure provides, in relevant part, that a District Court may relieve a party from a final civil judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). The Court of Appeals has held that relief under Rule 60(b) is available with respect to a previous habeas proceeding "only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction." Harris v. United States, 367 F.3d 74, 76 (2d Cir. 2004). Thus, Rule 60(b) motions do not have the effect of invalidating the underlying conviction, but, if granted, merely reinstate a previously dismissed petition for habeas relief. Rodriguez v. Mitchell, 252 F.3d 191, 198 (2d Cir. 2001); Grullon v. United States, No. 99 CIV. 1877 (JFK), 2004 WL 1900340, at *4 (S.D.N.Y. Aug. 24, 2004) ("Rule 60(b) does not provide relief

5

from a judgment in a criminal case.").

9. The Rule 60(b)(6) Motion is therefore procedurally inappropriate. At the time it was filed, this Court had not yet resolved Petitioner's motion to vacate—indeed, the Rule 60(b)(6) Motion was filed less than a week after the motion under 28 U.S.C. § 2255. The only judgment which Petitioner could be seeking to attack is his criminal conviction, which is not a permissible use of Rule 60(b). Rodriguez, 252 F.3d at 198. Accordingly, this Court denies Petitioner's motion as being beyond the scope of Rule 60(b). See United States v. Morales, No. 03 CV 4676 (LAP), 2008 WL 4921535, at *3 (S.D.N.Y. Nov. 10, 2008) ("When faced with an improper Rule 60(b) motion—*e.g.*, a motion that attacks an underlying conviction—district courts may either transfer the motion to the Court of Appeals for consideration as a second or successive motion under 28 U.S.C. § 2255 (with advance notice to the petitioner), or simply deny the motion as being beyond the scope of Rule 60(b)." (citing Gitten v. United States, 311 F.3d 529, 534 (2d Cir. 2002)).

10. Finally, Petitioner contends that all his legal documents were lost when he relocated from the Metropolitan Detention Center in Brooklyn, New York to the US Penitentiary in Allenwood, Pennsylvania. Petitioner has not identified the specific documents he seeks to have replaced nor why they are necessary. Accordingly, this Court reserves decision on this motion pending decision of Petitioner's § 2255 motion.

IT HEREBY IS ORDERED, that within 30 days of the date of this order's entry on the docket, Petitioner and Respondent shall each file an Affidavit in accordance with this Decision and Order;

FURTHER, that Petitioner's Motion for Relief from judgment or Order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (Docket No. 43) is DENIED.

FURTHER, that the Clerk of Court is directed to update Petitioner's address to:

>   Jesse Reidy, Inmate Number 22254-055
>   Federal Correction Compex – Allenwood U.S.P.
>   P.O. Box 3000
>   White Deer, PA 17787

SO ORDERED.

Dated: January 6, 2017
Buffalo, New York

　　　　　　　　　　　　　　　　　　　　　　　/s/William M. Skretny
　　　　　　　　　　　　　　　　　　　　　　　　WILLIAM M. SKRETNY
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge