UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JESSE REIDY,

                        Petitioner,

     v.                                      **DECISION AND ORDER**
                                                         14-CV-1013S

UNITED STATES OF AMERICA,               13-CR-72S

                        Respondent.

      1.      Presently before this Court is *pro se* Petitioner Jesse Reidy's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255.  On August 1, 2013, Petitioner appeared before Magistrate Judge Foschio and pled guilty to a one-count indictment charging him with a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) without a plea agreement.  (Docket No. 19.)[1]  This Court accepted Judge Foschio's recommendation that the plea be accepted on September 4, 2013.  (Docket Nos. 20, 21.)  On March 5, 2014, Petitioner appeared before this Court and was sentenced to a term of incarceration of 60 months and a term of supervised release of 3 years.  (Docket No. 35.)  On January 6, 2017, after review of Petitioner's § 2255 motion and the parties' responses, this Court ordered the parties to submit additional evidence to complete the record as to Petitioner's knowledge of his appeal rights (see Docket No. 57), which both parties have now filed.  For the reasons discussed below, Petitioner's § 2255 motion is granted and his sentence is vacated.

      2.      Twenty-eight U.S.C. § 2255 allows federal prisoners to challenge the constitutionality of their sentences.  That section provides, in pertinent part, that:

---

[1] All docket numbers refer to the underlying criminal docket, 13-CR-72S.

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). The Second Circuit has held that a "collateral attack on a final judgment in a criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice." Graziano v. United States, 83 F.3d 587, 589-90 (2d Cir. 1996) (per curiam) (quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (internal quotation marks omitted)).

3.  Petitioner asserts that this Court did not adequately advise him of his appeal rights during his sentencing, specifically of the 14-day deadline for timely appeal of his sentence.[2] Rule 32(j)(1)(B) of the Federal Rules of Criminal Procedure provides that "[a]fter sentencing—regardless of the defendant's plea—the court must advise the defendant of any right to appeal the sentence." As noted in the January 6, 2017 Order, Petitioner was not advised of his appeal rights at sentencing, nor during the plea proceedings. A "court's failure to inform a defendant of his right to appeal is subject to harmless error analysis," thus, a sentence will stand provided that the failure to advise a defendant of his rights did not result in any prejudice. Soto v. United States, 185 F.3d 48, 50 (2d Cir. 1999). However, collateral relief is justified and the sentence must be

---

[2] Under Rule 4 of the Federal Rules of Appellate Procedure, "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." Fed. R. App. P. 4(b)(1)(A).

vacated if the Government cannot show by clear and convincing evidence that Petitioner suffered no prejudice because he "took an appeal, waived his right to appeal, or had independent knowledge of his right to appeal." Garcia v. United States, 278 F.3d 134, 137 (2d Cir. 2002).

4.    Petitioner did not take a timely appeal, although he sent a letter to his plea counsel, Kimberly A. Schechter, on September 26, 2014,[3] requesting that a notice of appeal be filed.  (Docket No. 61, Exh. A.)  She responded on September 29, 2014, informing him that "the time to file an appeal has long since expired" and noting that he had not previously requested that she file an appeal.  (Docket No. 61, Exh. B.)  Nor did Petitioner waive his right to appeal.  Indeed, during the plea proceedings before Judge Foschio, Petitioner's counsel stated that Petitioner had pled to the indictment, rather than entering into a plea agreement, because Petitioner wanted to preserve his ability to make certain arguments on appeal.[4]  (Tr. of Plea Proceedings, Docket No. 46 at 12.)

5.    At this Court's direction, the Government sought an affidavit from Ms. Schechter, inquiring into Petitioner's independent knowledge of his appeal rights.  In her affidavit, Ms. Schechter states: "On March 5, 2014, I advised Mr. Reidy of his appellate rights.  He understood his rights and did not direct me to file a Notice of Appeal." (Docket No. 59, Att. A.)  She does not specifically mention the 14-day deadline, nor does she provide any additional detail.  The Government states that it otherwise "has no information to show that [Petitioner] had independent knowledge of his appeal rights." (Docket No. 59 ¶ 3.)  Petitioner also filed an affidavit, in which he praised Ms.

---

[3] Petitioner's timely direct appeal would have been due by March 31, 2014.
[4] Specifically, Petitioner's counsel stated that she wanted to preserve the right to dispute the base offense level, which Petitioner contended should be 20 rather than the Government's calculation of 24.  (Tr. of Plea Proceedings, Docket No. 46 at 12.)  This Court ultimately agreed with Petitioner's argument and found the base offense level to be 20 at his sentencing. (Tr. of Sentencing, Docket No. 47 at 7-8.)

Schechter's work as his counsel, but reiterated his contention that she did not advise him of the 14-day deadline for appeal. (Docket No. 61 at 4.) He also submitted a letter that he sent to Ms. Schechter three days after his sentencing, which does not mention an appeal. (Id., Exh. C.)

6. Based on these competing affidavits, and in particular on the lack of specific detail from Ms. Schechter that she informed Petitioner of the appeal deadline, this Court cannot find "by clear and convincing evidence that [Petitioner] was aware of his right to appeal." See Soto, 185 F.3d at 56. Accordingly, Petitioner's Motion to Vacate, Set Aside or Correct his Sentence is granted. Petitioner's sentence will be vacated and he will be "resentenced *de novo*—and advised of his appellate right—so that he may exercise his right to appeal." Id.

7. Also pending before this Court is Petitioner's Motion for Replacement of Documents that were lost when he was moved from one prison facility to another. (Docket No. 56.) Petitioner's most recent filing asserts that some of those documents have been recovered, though he again fails to identify the specific documents he seeks to have replaced. (Docket No. 61.) Because this case will be remanded for resentencing, and because new counsel will be appointed with access to Petitioner's records, this motion is denied as premature.

## V. ORDERS

IT HEREBY IS ORDERED, that Petitioner's Motion to Vacate, Set Aside or Correct his Sentence and Conviction pursuant to 28 U.S.C. § 2255 (Docket No. 42) is GRANTED.

4

FURTHER, the Government's Motion to Dismiss the Petition (Docket No. 45) is DENIED.

FURTHER, Petitioner's Motion to Dismiss the Government's Motion (Docket No. 52) is DENIED as moot.

FURTHER, Petitioner's Motion for a Copy of all Documents (Docket No. 56) is DENIED as premature.

FURTHER, that the Clerk of the Court is directed to vacate this Court's Judgment (Docket No. 38) and reopen the case.

FURTHER, that a status conference is set for April 26, 2017 at 10:00 am.

FURTHER, that the Clerk of the Court is directed to close 14-CV-1002S.

SO ORDERED.

Dated: March 22, 2017
Buffalo, New York

                                                /s/William M. Skretny
                                               WILLIAM M. SKRETNY
                                           United States District Judge